JUDGE GRIESA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -  x

UNITED STATES OF AMERICA          :     <u>INDICTMENT</u>

     - v. -                        :

SEMEN DOMNITSER,                   :     11 Cr.
    a/k/a "Semyon Domnitser,"
POLINA BERENSON,                   :
POLINA BREYTER,
DORA GRANDE,                       :
DORA KUCHER,
MOYSEY KUCHER,                     :
    a/k/a "Misha Kucher,"
    a/k/a "Michael Kucher,"        :
VALENTINA ROMASHOVA,
    a/k/a "Tina Rome,"             :
POLINA STAROSELETSKY,
GALINA TRUTINA-DEMCHUK,            :
    a/k/a "Galina Demchuk," and
MARINA ZAYTSEVA,                   :

              Defendants.    :

- - - - - - - - - - - - - - - - -  x



11 CRIM 120

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 09 2011

<u>COUNT ONE</u>

(Conspiracy to Commit Mail Fraud)

The Grand Jury charges:

<u>BACKGROUND</u>

1.   At all times relevant to this Indictment, the

Conference on Jewish Material Claims Against Germany (the "Claims

Conference") was a not-for-profit organization that supervised

and administered several funds that made (and continue to make)

reparations to victims of the Nazis during the Holocaust.  Those

funds included the Hardship Fund and the Article 2 Fund, as

described further below.  The Claims Conference maintains offices

in Manhattan, and in Germany and Israel.

2.    At all times relevant to this Indictment, the Hardship Fund and Article 2 Fund were funded by the German government.  As described below, the Hardship Fund provided a one-time payment to eligible applicants, whereas the Article 2 Fund provided a monthly pension to eligible applicants.  Applicants were required to provide, among other things, a copy of their identification document(s), date of birth, and a signed application containing information about their family and a description of the persecution they suffered at the hands of the Nazis during World War II.  Applications and payments were processed by the Claims Conference, acting as an agent of the German government.  The Claims Conference received and processed thousands of applications each year.

3.    <u>The Hardship Fund (One-Time Payment)</u>.  At all times relevant to this Indictment, the Hardship Fund made reparations to certain Jewish survivors of Nazi persecution who fled their homes to escape the Nazi advance.  The majority of payments made by the Hardship Fund were to individuals from former Soviet bloc countries who were not under direct Nazi occupation but who fled to escape the approaching German army.  Only individuals who were alive (or in utero) during World War II were eligible for the Hardship Fund.  Eligible applicants received a one-time payment of approximately 2556.46 Euros, which when converted to dollars

2

was approximately $3,500 (depending on the exchange rate at the time of payment).

4. <u>The Article 2 Fund (Monthly Pension)</u>. At all times relevant to this Indictment, to qualify for the Article 2 Fund, applicants must have lived in hiding or under a false identity, under inhumane conditions, for at least 18 months in Nazi-occupied territory; been imprisoned in a ghetto for Jewish individuals for at least 18 months; or been incarcerated in a concentration camp or forced labor camp for at least six months. As with the Hardship Fund, only applicants alive (or in utero) during World War II were eligible. Furthermore, under the Article 2 Fund's financial eligibility restrictions, applicants were excluded if they earned more than $16,000 annually after taxes. (Before 2007, the income limit was $16,000 annually after taxes for an individual and $21,000 annually after taxes for a couple). Eligible applicants to the Article 2 Fund received monthly payments (paid on a quarterly basis) of approximately 291 Euros per month, which when converted to dollars was approximately $400 (depending on the exchange rate).

5. Since in or about 1994, individuals who received a monthly pension under the Article 2 Fund could not also receive a payment from the Hardship Fund.

6. At all times relevant to this Indictment, each application that was received by the Claims Conference was

distributed to and assigned to a caseworker employed by the
Claims Conference.  The caseworker was responsible for verifying
the information in the application, such as by checking the
records of certain outside organizations that maintained records
of flight or persecution of the applicants during World War II.
The Director of the Hardship and Article 2 Funds was required to
review and approve each application before payment was made.
Once an application was approved for payment, a check was mailed
to the applicant or electronically deposited into the applicant's
bank account.  The initial Article 2 Fund payment typically
included a larger lump sum representing back pay to the date of
the application.

<u>THE DEFENDANTS</u>

7.   At all times relevant to the Indictment, SEMEN
DOMNITSER, a/k/a "Semyon Domnitser," the defendant, was an
employee and/or officer of the Claims Conference in Manhattan.
DOMNITSER was an Article 2 Fund caseworker from in or about April
1994 until his promotion in or about 1999 to Director of the
Hardship Fund and Article 2 Fund.  DOMNISTER was the Director of
both Funds continuously from 1999 until his termination on or
about February 3, 2010.  As Director, DOMNITSER was responsible
for, among other things, reviewing cases processed by the
caseworkers and making final recommendations for approval and
payment.  DOMNITSER's approval was a prerequisite for sending

4

applications to the German government for payment.

8.   At various times relevant to the Indictment, POLINA BERENSON, POLINA BREYTER, and POLINA STAROSELETSKY, the defendants, were employees of the Claims Conference in Manhattan. BERENSON was employed as a Hardship Fund caseworker from on or about October 14, 1992 through on or about February 3, 2010. BREYTER was a Claims Conference employee from on or about July 21, 1993 through on or about February 28, 2007, and then again beginning on or about October 27, 2008 through in or about November 2010.  BREYTER was, at various times, a caseworker for both the Hardship Fund and the Article 2 Fund.  STAROSELETSKY was employed as an Article 2 caseworker at the Claims Conference from on or about May 25, 1989 through on or about December 29, 2006.

9.   At various times relevant to the Indictment, DORA GRANDE, the defendant, operated a business in the vicinity of Brighton 12th Street, Brooklyn, New York.

10.  At various times relevant to the Indictment, VALENTINA ROMASHOVA, a/k/a "Tina Rome," the defendant, worked at a law firm in Brooklyn, New York, that advertised in Russian-language newspapers that it could assist people with applying for compensation from the Claims Conference.

11.    At all times relevant to the Indictment, DORA KUCHER, MOYSEY KUCHER, a/k/a "Misha Kucher," a/k/a "Michael Kucher," GALINA TRUTINA-DEMCHUK, a/k/a "Galina Demchuk," and

MARINA ZAYTSEVA, the defendants, were individuals residing in
Brooklyn, New York.

<u>THE SCHEME TO DEFRAUD</u>

12.  From at least in or about 1994, up to and including in
or about November 2010, in the Southern District of New York and
elsewhere, SEMEN DOMNITSER, a/k/a "Semyon Domnitser," POLINA
BERENSON, POLINA BREYTER, DORA GRANDE, DORA KUCHER, MOYSEY
KUCHER, a/k/a "Misha Kucher," a/k/a "Michael Kucher," VALENTINA
ROMASHOVA, a/k/a "Tina Rome," POLINA STAROSELETSKY, GALINA
TRUTINA-DEMCHUK, a/k/a "Galina Demchuk," and MARINA ZAYTSEVA, the
defendants, and others known and unknown, obtained and assisted
others in obtaining funds from the Hardship Fund and Article 2
Fund through fraud.  Through their scheme, the defendants
submitted or caused to be submitted to the Claims Conference
thousands of fraudulent applications, which included altered
photos, dates of birth, places of birth, names of family members,
and identification documents, as well as fabricated stories, to
obtain payments for individuals who were not eligible for the
programs, thereby causing the Claims Conference to pay tens of
millions of dollars to applicants who were not entitled to those
funds.

13.  As a part of the scheme, employees of the Claims
Conference, including but not limited to SEMEN DOMNITSER, a/k/a
"Semyon Domnitser," POLINA BERENSON, POLINA BREYTER, and POLINA

STAROSELETSKY, the defendants, knowingly violated their obligations to process and approve only legitimate applications, and instead used their positions to prepare and/or approve fraudulent applications, in return for money, which they often received in the form of cash or money orders.

14.  As a further part of the scheme, DORA KUCHER, MOYSEY KUCHER, a/k/a "Misha Kucher," a/k/a "Michael Kucher," VALENTINA ROMASHOVA, a/k/a "Tina Rome," GALINA TRUTINA-DEMCHUK, a/k/a "Galina Demchuk," and MARINA ZAYTSEVA, the defendants, and others, recruited individuals to provide their identification documents so that those documents would be used in support of fraudulent applications to the Hardship Fund and/or the Article 2 Fund, in exchange for a portion of the money the applicants received.

15.  As a further part of the scheme, POLINA BERENSON, DORA KUCHER, MOYSEY KUCHER, a/k/a "Misha Kucher," a/k/a "Michael Kucher," GALINA TRUTINA-DEMCHUK, a/k/a "Galina Demchuk," and MARINA ZAYTSEVA, the defendants, submitted, or caused to be submitted, fraudulent applications in their own names and/or in the names of their own family members.

16.  As a further part of the fraudulent scheme, DORA GRANDE, the defendant, in exchange for cash payments, prepared false identification documents that purported to have been issued by governmental authorities, such as Russian and Ukrainian

marriage certificates and birth certificates.  Those false
documents were then submitted to the Claims Conference in support
of false applications to the Hardship Fund and Article 2 Fund.

<u>STATUTORY ALLEGATIONS</u>

17.  From in or about 1994, up to and including on or about
November 9, 2010, in the Southern District of New York and
elsewhere, SEMEN DOMNITSER, a/k/a "Semyon Domnitser," POLINA
BERENSON, POLINA BREYTER, DORA GRANDE, DORA KUCHER, MOYSEY
KUCHER, a/k/a "Misha Kucher," a/k/a "Michael Kucher," VALENTINA
ROMASHOVA, a/k/a "Tina Rome," POLINA STAROSELETSKY, GALINA
TRUTINA-DEMCHUK, a/k/a "Galina Demchuk," and MARINA ZAYTSEVA, the
defendants, and others known and unknown, unlawfully, willfully,
and knowingly did combine, conspire, confederate, and agree
together and with each other to commit an offense against the
United States, to wit, to violate Section 1341 of Title 18,
United States Code.

18.  It was a part and an object of the conspiracy that
SEMEN DOMNITSER, a/k/a "Semyon Domnitser," POLINA BERENSON,
POLINA BREYTER, DORA GRANDE, DORA KUCHER, MOYSEY KUCHER, a/k/a
"Misha Kucher," a/k/a "Michael Kucher," VALENTINA ROMASHOVA,
a/k/a "Tina Rome," POLINA STAROSELETSKY, GALINA TRUTINA-DEMCHUK,
a/k/a "Galina Demchuk," and MARINA ZAYTSEVA, the defendants, and
others known and unknown, unlawfully, willfully, and knowingly,
having devised and intending to devise a scheme and artifice to

8

defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and would and did take and receive therefrom, such matters and things, and would and did knowingly cause to be delivered by mail and such carriers, according to the directions thereon, and at the places at which they were directed to be delivered by the persons to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

<u>OVERT ACTS</u>

19.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about May 27, 2008, SEMEN DOMNITSER, a/k/a "Semyon Domnitser," the defendant, approved fraudulent applications, submitted in Manhattan, for funds intended for Holocaust survivors.

b.   In or about 1994, POLINA BERENSON, the defendant,

9

submitted a fraudulent application in her name, in Manhattan, for funds intended for Holocaust survivors.

c.   In or about 2009, POLINA BREYTER, the defendant, obtained copies of identification documents that were used to prepare fraudulent applications, submitted in Manhattan, to obtain funds intended for Holocaust survivors.

d.   In or about February 2010, DORA GRANDE, the defendant, prepared a false birth certificate.

e.   In or about 2009, DORA KUCHER, the defendant, demanded payment from a person who provided identification documents that were used to prepare fraudulent applications, submitted in Manhattan, to obtain funds intended for Holocaust survivors.

f.   In or about 2007, MOYSEY KUCHER, a/k/a "Misha," a/k/a "Michael," the defendant, obtained copies of identification documents that were used to prepare fraudulent applications, submitted in Manhattan, to obtain funds intended for Holocaust survivors.

g.   On or about July 6, 2005, VALENTINA ROMASHOVA, a/k/a "Tina Rome," the defendant, sent a letter regarding an application for funds intended for Holocaust survivors.

h.   On or about March 21, 2005, POLINA STAROSELETSKY, the defendant, signed a report of an interview contained in a case file regarding funds intended for Holocaust survivors.

i.  In or about 2009, GALINA TRUTINA-DEMCHUK, a/k/a "Galina Demchuk," the defendant, obtained copies of identification documents that were used to prepare fraudulent applications, submitted in Manhattan, to obtain funds intended for Holocaust survivors.

j.  In or about 2009, MARINA ZAYTSEVA, the defendant, obtained copies of identification documents that were used to prepare fraudulent applications, submitted in Manhattan, to obtain funds intended for Holocaust survivors.

(Title 18, United States Code, Section 1349.)

COUNT TWO

(Mail Fraud)

The Grand Jury further charges:

20.  The allegations in paragraphs 1 through 16 are repeated, re-alleged and reincorporated as if set forth fully herein.

21.  From at least in or about 1994, up to and including on or about November 9, 2010, in the Southern District of New York and elsewhere, SEMEN DOMNITSER, a/k/a "Semyon Domnitser," POLINA BERENSON, POLINA BREYTER, DORA GRANDE, DORA KUCHER, MOYSEY KUCHER, a/k/a "Misha Kucher," a/k/a "Michael Kucher," VALENTINA ROMASHOVA, a/k/a "Tina Rome," POLINA STAROSELETSKY, GALINA TRUTINA-DEMCHUK, a/k/a "Galina Demchuk," and MARINA ZAYTSEVA, the defendants, unlawfully, willfully, and knowingly, having devised

11

and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and deposited and caused to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and took and received therefrom, such matters and things, and knowingly caused to be delivered by mail and such carriers, according to the directions thereon, and at the places at which they were directed to be delivered by the persons to whom they were addressed, such matters and things, to wit, DOMNITSER, BERENSON, BREYTER, GRANDE, DORA KUCHER, MOYSEY KUCHER, ROMASHOVA, STAROSELETSKY, TRUTINA-DEMCHUK, and ZAYTSEVA participated in a scheme to obtain funds through the submission to the Claims Conference of fraudulent applications for Holocaust reparations, thereby causing checks and correspondence to be mailed from Manhattan to individuals who were not entitled to receive those funds.

(Title 18, United States Code, Sections 1341 and 2.)

COUNT THREE

(Witness Tampering)

The Grand Jury further charges:

22.  The allegations in paragraphs 1 through 16 are repeated, re-alleged and reincorporated as if set forth fully herein.

23.  On or about March 18, 2010, in the Southern District of New York and elsewhere, POLINA BERENSON, the defendant, unlawfully, willfully, and knowingly used intimidation, threatened, and corruptly persuaded another person, and attempted to do so, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, to wit, BERENSON attempted to give money to a witness and to persuade that witness to tell the Federal Bureau of Investigation ("FBI"), falsely, that the witness did not know anything in connection with the FBI's investigation of fraud committed by BERENSON and others on the Claims Conference, located in New York, New York.

(Title 18, United States Code, Sections 1512(b)(3) and 2.)

COUNT FOUR

(Witness Tampering)

The Grand Jury further charges:

24.  The allegations in paragraphs 1 through 16 are

13

repeated, re-alleged and reincorporated as if set forth fully herein.

25.   From in or about January 2010 through on or about April 1, 2010, in the Southern District of New York and elsewhere, MARINA ZAYTSEVA, the defendant, unlawfully, willfully, and knowingly used intimidation, threatened, and corruptly persuaded another person, and attempted to do so, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a Federal offense, to wit, ZAYTSEVA (i) instructed one witness falsely to claim a lack of memory if questioned by the FBI about fraud committed by ZAYTSEVA and others on the Claims Conference, located in New York, New York, and (ii) instructed a second witness, if questioned by the FBI, to deny splitting money with ZAYTSEVA.

(Title 18, United States Code, Sections 1512(b)(3) and 2.)

## COUNT FIVE

### (Money Laundering)

The Grand Jury further charges:

26.   The allegations in paragraphs 1 through 16 are repeated, re-alleged and reincorporated as if set forth fully herein.

27.   From in or about January 2004 through in or about November 2009, in the Southern District of New York and

elsewhere, VALENTINA ROMASHOVA, a/k/a "Tina Rome," the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly conducted and attempted to conduct a financial transaction, involving and affecting interstate commerce, which in fact involved the proceeds of specified unlawful activity, to wit, mail fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, ROMASHOVA negotiated hundreds of blank money orders, totaling more than $100,000, which she demanded and obtained from recipients of funds administered by the Claims Conference, located in New York, New York, in order, among other things, to conceal the source and the ownership of those funds, which she had obtained through mail fraud.

(Title 18, United States Code, Section 1956(a)(1)(B)(i) and 2.)

## FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

28. As a result of committing the offenses alleged in Counts One and Two of this Indictment, SEMEN DOMNITSER, a/k/a "Semyon Domnitser," POLINA BERENSON, POLINA BREYTER, DORA GRANDE, DORA KUCHER, MOYSEY KUCHER, a/k/a "Misha Kucher," a/k/a "Michael Kucher," GALINA TRUTINA-DEMCHUK, a/k/a "Galina Demchuk," VALENTINA ROMASHOVA, a/k/a "Tina Rome," POLINA STAROSELETSKY, and

MARINA ZAYTSEVA, the defendants, shall forfeit to the United
States pursuant to Title 18, United States Code, Section
981(a)(1)(C) and Title 28, United States Code, Section 2461(c),
any property constituting or derived from proceeds obtained
directly or indirectly as a result of the mail fraud offenses
alleged in Counts One and Two of this Indictment, and any
property traceable to such property, including but not limited to
the following:

a.   At least $45 million in United States currency, the
sum of the proceeds obtained directly or indirectly from the mail
fraud offenses or is traceable to such property.

<u>Substitute Asset Provision</u>

29.   If any of the above-described forfeitable property, as
a result of any act or omission of the defendants:

(1)   cannot be located upon the exercise of due
diligence;

(2)   has been transferred or sold to, or deposited
with, a third person;

(3)   has been placed beyond the jurisdiction of the
Court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

16

United States Code, Section 853(p), to seek forfeiture of any

other property of said defendants up to the value of the above

forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28,
United States Code, Section 2461(c), Title 18, United States
Code, Section 1341, and Title 21, United States Code, Section
853.)

## FORFEITURE ALLEGATION AS TO COUNT FIVE

30.  As a result of committing the money laundering offense

charged in Count Five of this Indictment, VALENTINA ROMASHOVA,

a/k/a "Tina Rome," the defendant, shall forfeit to the United

States pursuant to Title 18, United States Code, 982(a)(1) any

property, real and personal, involved in such offense, and any

property traceable to such property, including but not limited to

the following:

a.  At least $125,000 in United States currency, in

that such sum in aggregate is property which was involved in the

money laundering offense or is traceable to such property.

## Substitute Asset Provision

31.  If any of the above-described forfeitable property, as

a result of any act or omission of the defendant:

(1)  cannot be located upon the exercise of due

diligence;

(2)  has been transferred or sold to, or deposited

with, a third person;

(3)  has been placed beyond the jurisdiction of the

17

Court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18,

United States Code, Section 982 and Title 21, United States Code,

Section 853(p), to seek forfeiture of any other property of said

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956 and Title
     21, United States Code, Section 853(p).)


FOREPERSON                              PREET BHARARA
                                        United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SEMEN DOMNITSER, a/k/a "Semyon Domnitser,"
POLINA BERENSON, POLINA BREYTER, DORA
GRANDE, DORA KUCHER, MOYSEY KUCHER, a/k/a
"Misha Kucher," a/k/a "Michael Kucher,"
VALENTINA ROMASHOVA, a/k/a "Tina Rome,"
POLINA STAROSELETSKY, GALINA TRUTINA-
DEMCHUK, a/k/a "Galina Demchuk," and
MARINA ZAYTSEVA,

Defendants.

## INDICTMENT

11 Cr. __

(18 U.S.C. §§ 1349, 1341, 1512(b)(3),
1956(a)(1)(B)(i), and 2.)

_____
                            PREET BHARARA
                 United States Attorney.

2/9/2011 — FILED, A TRUE BILL;
G.C.
        ASSIGNED TO JUDGE GRIESA,
        FOR ALL PURPOSES.

                    GOLDSTEIN, USMJ.